UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:09-cr-0026 (LJM/KPF) |
| | ) | |
| CORNELL L. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on July 28, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on July 8, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held August 10, 2011 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Davis appeared in person with his appointed counsel, Juval Scott. The government appeared by Sharon Jackson, Assistant United States Attorney. U. S. Parole and Probation appeared by Chris Dougherty, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Juval Scott, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Davis in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Davis and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Davis was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Davis was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Davis was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Davis had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation.

7. Ms. Scott stated that Mr. Davis would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Davis executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Davis, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| **1** | **"The defendant shall not commit another federal, state, or local crime."** |
| | On June 7, 2011, Indianapolis Police officers were dispatched to a property damage crash near East 34th Street and North Franklin Road. Upon arrival, offices noted a blue Chevy Suburban had crashed into a residential privacy fence and was lodged on top of a guardrail. Officers learned the driver of the Suburban, Cornell Davis, was driving while his license was suspended, with thirteen prior convictions, and was not eligible to obtain a license. Mr. Davis was arrested for Driving While Suspended With a Prior, A-misdemeanor, under cause number 11-040633. Mr. Davis was released from the Marion County Jail the following day. This case is pending in Marion County Superior Court and is scheduled for a pre-trial conference on July 18, 2011. |
| | The probation officer had been aware that the offender was driving without a valid driver's license for over four months and had repeatedly warned him to obtain a valid driver's license or cease driving, which the offender failed to do. The offender admitted he was driving this vehicle when involved in the property damage accident. |
| **2** | **"The defendant shall be monitored by Radio Frequency (RF) Monitoring for a period of six months, to commence as soon as practical, and shall abide by all technology requirements. The** |

**defendant shall pay all or part of the costs of participation in the program as directed by the court or probation officer. This form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release: the defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court-ordered obligations; or other activities as pre-approved by the probation officer."**

The offender has violated his location monitoring rules on over 16 occasions. On ten specific occasions, he directly violated his schedule or boundaries: February 26, 2011, at 1600: Did not Return; February 26, 2011, at 1852: Out of Range; March 13, 2011, at 0330: Did Not Return; March 25, 2011, at 1600: Did not Return; March 28, 2011, at 2300: Did Not Return; April 3, 2011, at 1754: Transmitter Out of Range; April 15, 2011, at 1600: Did Not Return; May 14, 2011, at 1017: Transmitter Out of Range; June 7, 2011, at 2300: Did Not Return; June 19 2011, at 1614: Unauthorized Leave.

On May 17, 2011; May 26, 2011; June 1, 2011; June 14, 2011; June 21, 2011; and June 20, 2011 the offender left his residence for approximately five hours on each date, from approximately 5:30 p.m. to approximately 11:00 p.m., during time he was allowed to attend classes at Fortis College. This officer obtained records and spoke to the offender's instructor, Keith Henry, and verified the offender was absent from his classes on each of the above-named dates. These unauthorized periods total over 30 hours which are unaccounted for by the offender. Additionally, on March 27, 2011, the offender left his residence during his scheduled employment hours, for a period of 2.5 hours, yet he did not work on that date, and stated he left without permission to attend to personal errands.

As of June 30, 3011, the offender was delinquent in paying the costs of his Location Monitoring Program fees, and owes a balance of $192.28 to BI Incorporated.

A condition of location monitoring was imposed as a sanction via a Modification of Supervision and Judgment in a Violation Hearing on January 14, 2011. The offender had been placed in Volunteers of America on December 16, 2010, as a sanction to address six positive drug screens and various other issues of noncompliance. He was terminated from Volunteers of America on December 25, 2010 due

> to drinking and possessing alcohol in the facility. When the Court ordered location monitoring, the offender was warned that any subsequent violation would result in his return to the Bureau of Prisons.

**3** **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."**

> The offender failed to report as directed for random drug screens on January 19, 2011; January 31, 2011; and March 20, 2011.

The Court placed Mr. Davis under oath and directly inquired of Mr. Davis whether he admitted violations of the specifications of his supervised release set forth above. Mr. Davis stated that he admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

1) Mr. Davis has a relevant criminal history category of III, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Davis constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Davis is 5-11 months.

4) The appropriate disposition of the case would be a sentence of 10 months in the custody of the Attorney General or his designee, with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Cornell

L. Davis, violated the specified conditions of supervised release as delineated above in the Petition to

Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and Cornell L. Davis is sentenced to the custody of the Attorney General or his designee for a period of 10 months, with no supervised release to follow. The defendant is allowed to surrender for service of his sentence upon designation. Until the time of his surrender to custody, defendant will remain under the same conditions of supervised release previously imposed.

The Magistrate Judge requests that Chris Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Davis stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Davis entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.*

and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Cornell L. Davis's supervised release.

IT IS SO RECOMMENDED this 17th day of August, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Sharon Jackson,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Juval Scott,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal